# THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAUL WILLIAM GARD | § | CASE NO. 10-42994-R |
| XXX-XX-4852 | § | |
| 1104 PRESTON MEADOWS ROAD | § | CHAPTER 13 |
| SHERMAN, TX  75092 | § | |
| | § | |
| STACIA DENISE GARD | § | |
| XXX-XX-9632 | § | |
| | § | |
| DEBTORS | § | |

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CHAPTER 13 CASE WITH PREJUDICE TO REFILING FOR 120 DAYS

ON THIS DATE, the Court considered the Confirmation of the Chapter 13 Plan proposed by the Debtors in the above captioned case. For the reasons set forth below, Confirmation of the Chapter 13 Plan should be denied.

The Court finds that the following has occurred:

At a confirmation hearing on December 1, 2010, this Court ordered the entry of an Order Denying Confirmation of Chapter 13 Plan, Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan, and Setting Final Dismissal Deadline Pertaining to Plan Confirmation" (the "Deadline Order") which ordered the Debtors to file a new Chapter 13 Plan within thirty (30) days of the date of the order and provided that, in the event the Debtors failed to file a new Plan within that time period, absent a further order of this Court extending the deadline for cause shown, or in the event that the Debtors thereafter failed to confirm such new Chapter 13 Plan upon consideration by this Court under its normal procedures, this Chapter 13 case would be dismissed with prejudice to the rights of the Debtors to file a subsequent petition under any of the provisions of Title 11, United States Bankruptcy Code, for a period of one hundred twenty (120) days from the entry of the order of dismissal without further notice or hearing. Pursuant to the Deadline Order, the Debtors filed a new Chapter 13 Plan.

The Court finds that the Debtors failed to confirm the Chapter 13 Plan within the time period designated by the Court. The failure of the Debtors to confirm a Chapter 13 Plan in this case after two confirmation hearings having been set constitutes an unreasonable delay by the Debtors that is prejudicial to creditors and that such failure constitutes just cause for the dismissal of this case with prejudice to refiling pursuant to 11 USC §349(a) and §1307(c).

The Court also recognizes that a Motion for Administrative Expenses, or an equivalent thereof, filed by the Debtors' attorney is currently pending before the Court or may be filed within the next fourteen (14) days. Accordingly, pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court finds that just cause exists for the entry of the following order.

IT IS THEREFORE ORDERED that Confirmation of the Chapter 13 Plan proposed by the Debtors is DENIED.

IT IS FURTHER ORDERED that the above-referenced Chapter 13 case is DISMISSED WITH PREJUDICE to the refiling of any petition under Title 11, United States Bankruptcy Code, by the above-referenced Debtors for a period of one hundred twenty (120) days from the entry of this order, provided, however, that this case shall remain open and the Court shall retain jurisdiction to entertain and to determine all requests for relief, whether raised sua sponte or by any party in interest, pertaining to the compensation to be paid to the Debtors' counsel, so long as any such request is filed before the expiration of fourteen (14) days after the entry of this order, and to enter any order pertaining thereto which may be appropriate under the circumstances.

IT IS FURTHER ORDERED that any wage withholding orders previously entered in this case are hereby terminated.

IT IS FURTHER ORDERED that, pursuant to 11 USC §1326(a)(2):

1. the pre-confirmation adequate protection payments which have been previously tendered by the Debtors to the Standing Chapter 13 Trustee for the benefit of creditor(s) holding an allowed claim secured by personal property retained by the Debtors as set forth in the Debtors' most recent filed Chapter 13 plan as of the date of this Order shall be forwarded by the Standing Chapter 13 Trustee to the applicable secured creditor(s) that hold a filed and allowed claim as of the date of this Order in the monthly amount specified by the Debtors in the most recently-proposed Chapter 13 plan as of the date of this Order;

2. funds thereafter remaining on deposit with the Standing Chapter 13 Trustee, if any, shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

3. following the full satisfaction of all allowed administrative expenses, if applicable, any funds remaining in the Standing Chapter 13 Trustee's possession shall be distributed to the Debtors.

Signed on 04/13/2011

*Brenda T. Rhoades* SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

A plan was conditionally approved on March 23, 2011 provided that the Debtors bring plan payments current by April 6, 2011. The Trustee certifies that as of April 12, 2011 the Debtors have failed to cure the delinquency.

/s/ Greg R. Arnove
Office of the Standing Chapter 13 Trustee